FILED
JUN 21 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD KOLACKI,

    Petitioner,

v.

WILLIAM DUNCAN, et al.,

    Respondents.

No. C 00-0251 MHP

**MEMORANDUM & ORDER**
Motion to Dismiss

On January 21, 2000 Richard Kolacki brought this petition for writ of habeas corpus under 28 U.S.C. section 2254 seeking a review of his murder and robbery conviction. Now before the court is respondent William Duncan's motion to dismiss the petition as untimely. The court has considered the parties' arguments fully, and for the reasons set forth below, the court rules as follows.

BACKGROUND

On May 10, 1996 petitioner was convicted by a jury of first degree murder and second degree robbery in violation of Cal. Penal Code sections 187, 211 and 212.5(b). Petitioner was sentenced to a prison term of 25 years to life. On July 15, 1998 the Sixth Appellate District of the California Court of Appeal affirmed the trial court's judgment. Resp.'s Opp., Exh. A. On August 24, 1998, petitioner filed a petition for review in the California Supreme Court. Id., Exh. B. The petition was denied on October 28, 1998 and as a result petitioner's judgment became final on January 26, 1999—90 days following this denial of his Supreme Court petition. Id., Exh. C.

On January 21, 2000, almost a full year after petitioner's judgment became final, petitioner filed a petition for writ of habeas corpus in this court. Petitioner also filed an application requesting that the court hold his petition in abeyance while he exhausted additional claims in state court. Id., Exh. D. On October 26, 2000 the court granted plaintiff's request, provided that plaintiff file an amended petition for writ of habeas corpus with the federal court within thirty days after entry of judgment by the California Supreme Court. Order Staying Proceedings, Docket Entry No. 5 (filed October 26, 2000).

Petitioner, three months after this grant of abeyance, filed a petition for a writ of habeas corpus in the Santa Clara County Superior Court on January 22, 2001. This petition was denied by the Superior Court on April 21, 2003. After the Superior Court's denial of the petition, respondent contends that a further nine months elapsed before petitioner filed a petition for review in the California Supreme Court on February 6, 2004.[1] This petition was also denied on December 22, 2004. Following this denial, after a month and a half had elapsed, petitioner returned to federal court and filed an amended petition for writ of habeas on February 8, 2005.

The action was initially assigned to Magistrate Judge Larson and both parties consented to proceed before him. On December 19, 2003 after the lower court denial and before the filing of the Supreme Court petition, the federal district court administratively closed the action without prejudice. See Resp.'s Exh. D. Petitioner filed a request to re-open the case and lift the stay on February 15, 2005. This request was granted on February 17, 2005. From that date until the present, the federal court has granted approximately seven separate applications by respondent for an extension of time to file an answer. An answer has yet to be filed. On March 9, 2006, after six years before the Magistrate Judge—the last year of which the case was in active status—respondent declined to proceed before a Magistrate Judge. On March 16, 2006, petitioner filed an objection to respondent's declination. Respondent's request was ultimately granted and the case was re-assigned to this judge on April 3, 2006.

//////

//////

2

DISCUSSION

Respondents, in their motion to dismiss Kolacki's habeas petition, initially contend that the petition is untimely because it does not qualify for a tolling of the applicable statute of limitations. As amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), the federal habeas statute imposes a one year statute of limitations on habeas petitions filed in federal courts. 28 U.S.C. § 2244(d)(1). A petitioner has one year to file a section 2244 motion from the latest of (1) the date on which his judgment of conviction became final; or (2) the date on which an impediment to filing the motion, created by a governmental action, was removed; or (3) the date on which the right asserted was first recognized by the Supreme Court; or (4) the date on which, through due diligence, the facts supporting the claim(s) could have been discovered. Id. The district court may dismiss a section 2254 habeas petition for procedural default when the petition is not filed within the allowed time period. See Rules Governing Section 2254 Proceedings (stating that where it plainly appears from the face of the motion and any exhibits attached to it that the movant is, indeed, ineligible for relief, the court may summarily dismiss the motion).

Section 2244 also provides a mechanism for tolling the statute, stating that the time "during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted" towards AEDPA's statute of limitations. 28 U.S.C. § 2244(d)(2).[2]

As his conviction became final after the effective date of AEDPA, petitioner was required to file his federal habeas petition by January 26, 2000—one year from the date upon which "judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his federal habeas petition on January 21, 2000—five days before the expiration of the statute of limitations. Thus, as petitioner correctly asserts, the applicability of AEDPA's tolling provisions is irrelevant in the present action. It is unclear why respondent premises his motion on this ground as plaintiff's habeas petition, filed five days before the deadline, was clearly filed within the applicable time period.

3

In an apparent attempt to amend his initial motion, however, in his reply brief, respondent, argues that the petition is untimely because under Ninth Circuit and Supreme Court precedent, the intervals between the district court's grant of a stay, petitioner's initiation of a state court habeas petition and petitioner's appeal of the ultimate denial of this state court petition were "unreasonable" in their length. It is true that courts have found some relationship between the tolling provisions of section 2244 and the timeliness of state court filings. In Carey v. Saffold, the Supreme Court held that "only a *timely* [state court] appeal tolls AEDPA's [one]-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court." 536 U.S. 214, 220–21, 225–26 (2002) (emphasis added). Similarly, in Pace v. Difuglielmo, 544 U.S. 408, 412–13 (2005), the Court found that "[b]ecause the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." In essence, "when a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of [section] 2244(d)(2). Bonner v. Carey, 425 F.3d 1145, 1148–49 (9th Cir. 2005) (quoting Pace, 544 U.S. at 413).

Further, under controlling law, an unreasonable delay in the initiation and pursuit of state court claims in California, specifically, renders the petition "untimely"—thereby disqualifying a petitioner from benefitting from section 2244(d)(2)'s tolling provision. See Evans v. Chavis, ___ U.S. ___, 26 S. Ct. 846, 854 (2006) (finding that for a "pending" state court action in California, an unreasonable six month delay between the denial of the petition and petitioner's appeal of that decision to the California Supreme Court rendered the petition untimely for purposes of section 2244(d)(2)'s tolling provisions). In rejecting the Ninth Circuit's interpretation of the Supreme Court's holding in Saffold, the Court noted that it had "found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.'" Id.[3] California federal cases issued after this Evans decision have emphasized untimeliness in declining to toll the AEPDA statute of limitation. See, e.g. Barnett v. Knowles, No. 04-2782, 2006 WL 824474 at *4 (N.D. Cal. Mar. 29, 2006) (Fogel, J.) (granting respondent's motion to dismiss because petitioner was not entitled to statutory or equitable tolling

4

since he "waited twenty-seven months to present unexhausted claims to [the] California Supreme Court and seven months after that court's decision to return to [the] federal court"); Foley v. Evans, No. CIV S0412223, 2006 WL 191946 (E.D. Cal. Jan.19, 2006) (although basing its decision to dismiss with prejudice on another factor, the court noted that the decision, by a petitioner who had applied for and was denied petition for review, to wait for over three years before filing a petition in state supreme court was unreasonable and unlikely to be found timely under California law).

However, the wrinkle in the current action is found in its procedural posture. Unlike in Evans (which addressed the applicability of the tolling provision given unreasonable delay in the prosecution of the state court actions), the tolling provision is not, as discussed above, an issue in the present action. Stated differently, although the Supreme Court and other federal courts have discussed the issue of untimeliness, it has often been in cases where the statute of limitations is tolled in order to enable an otherwise time-barred claim to meet the statutory deadline. Here, the petitioner filed a petition within the statutorily prescribed time period, and following a grant of abeyance, allegedly engaged in "unreasonable delay." Consequently, the issue before the court is not whether plaintiff's unreasonable delay during the exhaustion in state court renders the action untimely and ineligible for a tolling of the one-year statute of limitations, but rather whether delay in seeking lower state court review can be an appropriate basis for dismissal, following the grant of a stay. Neither party provided briefing on this issue and no other California federal district courts have reached the issue.

However, the court finds that the Ninth Circuit has provided a basis upon which to dismiss a stayed action for unreasonable delay. In holding that the trial court has discretion in granting a stay for a petition containing both unexhausted and exhausted claims, the Ninth Circuit, in Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2003), found that thirty days to initiate state court proceedings and thirty days to return to federal court (after the final rejection of the claims by the state court) were reasonable time limits for a district court to impose. Importantly, the court also held that if there was non-compliance with these conditions, "the stay *may* be vacated *nunc pro tunc* as of the date it was entered." Kelly, 315 F.3d at 1071 (quoting Zarvela v. Artuz, 254 F.3d 374, 381

5

1 (2d Cir. 2001)) (emphasis added); see also Johnson v. Girdich, No. 03 CIV 5086LBS, 2005 WL
2 427576 *5 (S.D.N.Y. Feb. 23, 2005) (quoting Zarvela, 254 F.3d at 381) (granting respondent's
3 motion to dismiss for untimeliness after a stay was granted for state court proceedings because
4 petitioner returned to the court with an amended petition after the prescribed thirty day time-limit
5 imposed by the court).

6       In reaching this conclusion, the Kelly court adopted the reasoning of the Second Circuit in
7 Zarvela. In that case, the Second Circuit noted that "a stay, unless appropriately conditioned, could
8 permit a habeas petitioner to take an undue amount of time to pursue state court remedies." Id. at
9 380.[4] Thus, the court in Zarvela stressed that it is imperative that the "need for expeditious
10 exhaustion" be impressed upon the petitioner. Id. Indeed, the Supreme Court has recently held that

> [s]tay and abeyance, if employed too frequently, has the potential to . . . frustrate[] AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

14 Rhines v. Weber, 544 U.S. 269, 277 (2005).

15       In the case at hand, petitioner waited for three months after the grant of his stay before
16 initiating any proceedings in the state court. Further, respondent contends, following the denial of
17 his state court petition on April 21, 2003 petitioner waited an additional and unexplained nine
18 months before filing a petition in the California Supreme Court. Lastly, after the Supreme Court
19 petition was denied on December 22, 2004, petitioner did not file an amended petition for a writ of
20 habeas corpus until one and a half months later—17 days after he was directed to do so by the
21 district court. The somewhat lengthy and unexplained intervals between this court's grant of
22 abeyance and petitioner's initiation of his state proceedings as well as the long intervals between
23 petitioner's lower court and Supreme Court petitions (if the court were to accept respondent's
24 account of events) are problematic since they serve to prolong the resolution of petitioner's federal
25 habeas proceedings—proceedings which have been pending in this court for over six years.

26       Notwithstanding, for the reasons below, the court declines to dismiss the action as untimely.
27 First, the time interval upon which respondent places most emphasis—the alleged nine months

6

between petitioner's lower court and Supreme Court petitions—is brought into question by respondent's own exhibits which indicate that the Supreme Court petition was filed within thirty days of the Superior Court's denial.[5]

Second, in the current action, unlike in Johnson case—where the Southern District of New York dismissed the action following petitioner's return to federal court with an amended petition—the stay has already been lifted and the case is in active status. Although the grant of abeyance in this particular action was expressly conditioned on the return of petitioner to the federal district court within an applicable time period, and petitioner failed to meet those requirements, there is no indication that respondent raised the issue at that time and it is of note that another judge of this court in his discretion chose to re-instate the case and lift the stay. This was the same judge to whom the case was initially assigned in January, 2000 and to whom it was returned after the state court proceedings.

Lastly, it would be inequitable for this court to dismiss the petition for reasons of delay when respondent's own actions have served to prolong the proceedings before this court. *Vigilantibus non dormientibus aequitas subvenit* — equity aids the vigilant, not those who slumber on their rights. Although respondent communicated with the court in a letter dated December 23, 2001 regarding the status of petitioner's state court proceedings, there is no evidence in the record that then or even after plaintiff's purported nine-month delay between the Superior Court decision and the petition to the Supreme Court, or after petitioner failed to return promptly to the federal court, that respondent requested of the district court that the stay be vacated. To date, moreover, no answer has been filed by respondent—rather his submissions have comprised approximately seven applications to extend the time to file an answer. Indeed, respondent only filed their current motion to dismiss a full year after his re-assignment request was granted. Further, it is of note that this very declination to proceed before a magistrate judge was filed more than six years after respondent was initially served with petitioner's consent to proceed before a magistrate judge. Order Requesting Reassignment, Docket Entry No. 43 (filed April 3, 2006). In reluctantly granting respondent's request for re-assignment, the magistrate judge noted that because of the risk of undermining the substantive

7

disposition of the action and because none of plaintiff's actions rose to the level of a "formal appearance," consent to proceed could not be inferred and thus, despite the length of time within which the parties had appeared before the Magistrate Judge, the action would have to be re-assigned.

The court finds that because respondent, through his own actions, has served to delay and prolong this habeas proceeding and since this court has already chosen to re-instate the stay, the court declines to dismiss the petitioner's writ of habeas corpus on the sole basis of unreasonable delay.

Consistent with the directions given by the court to the parties during oral argument, respondent is ordered to file an answer to the petition within twenty (20) days of this order and petitioner is ordered to file a traverse within fifteen (15) days of the answer.

CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition is DENIED.

IT IS SO ORDERED.

Dated: June 20, 2006

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

# ENDNOTES

1. Since petitioner did not have an opportunity to reply to respondent's evolving motion (discussed *infra*), it was only at oral argument that petitioner raised an objection stating that respondent's contention that there had been a nine-month delay was incorrect. Counsel's contention, which incidentally is supported by the record submitted by respondent for purposes of his motion to dismiss, is that following the Supreme Court's decision in Saffold, he advised his counsel to file a petition within thirty days even though they had not yet received the evidentiary hearing transcripts from the state court. See Resp.'s Exh. E (Declaration of Cliff Gardner). Thus, on May 21, 2003, he filed a petition with the State Supreme Court, asking the court to take judicial notice of the pleadings and transcripts from the habeas proceedings. Petitioner's counsel also requested an opportunity to bring the petition into compliance as set forth in the applicable local rules, if the court found the petition to be inadequate. Due to the absence of the hearing transcripts, the petition was dismissed and following this, on February 6, 2004, this "technical deficiency" was cured and a new and second petition was filed with the Supreme Court. It is this complete petition that was later denied on December 22, 2004.

2. The Supreme Court has construed this tolling provision to apply only to actions initiated in state as opposed to federal court. Duncan v. Walker, 533 U.S. 2120 (2001).

3. The court admonished the Ninth Circuit for incorrectly interpreting its holding in Saffold. The Court found that the Ninth Circuit improperly "equated denials on the merits by state courts and especially the state Supreme Court, as an inexorable directive that a petitioner had timely filed the pertinent habeas petition for purposes of federal tolling of the AEDPA limitations statute." Foley, 2006 WL 191946 at *3 (citing Saffold, 536 U.S. at 218).

4. In Zarvela, the court attempted to harmonize AEDPA's one year filing deadline with the requirements of a pre-AEDPA decision of the Supreme Court in Rose v. Lundy, 455 U.S. 509 (1982) which required that the district court only grant relief on exhausted claims.

5. At oral argument, respondent maintained that it was the totality of the different periods of time (namely, three months, nine months and one and one-half months) that amounted to unreasonable delay. However, it is clear that even under the combined length of time, the nine month delay is still the longest and most important time interval. Further, although respondent also asserted at oral argument that it took plaintiff two to three months to return to federal court, in reality petitioner filed his amended petition with this court a month and a half (or forty-seven days) after the Supreme Court decision was rendered.